886 F.2d 1316
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ethel ROBINSON, Betty Hicks, Edward Davis, Ted Iwaszkiw, and
Santos Caraballo, Plaintiffs-Appellants,
v.
DINNER BELL MEATS, United Food & Commercial Workers Union
Local 880, Joseph Madzelonka, Ray DeSantis, John
R. Bartlett, Dan Welsh, and First
National Supermarkets, Inc.,
Defendants-Appellees.
 No. 89-3023.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1989.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellants appeal the District Court's grant of summary judgment in favor of appellees in this collective bargaining case. The District Court found appellants' actions barred by the statute of limitations. Because we agree, we affirm.
 
 
 2
 The facts are not in dispute. Appellants were formerly employees of Pick-N-Pay stores, where they worked until about 1971, when they transferred to Dinner Bell Meats, Inc. Pick-N-Pay was owned and operated by First National Supermarkets, Inc. Appellants worked at Dinner Bell until about 1985, when it permanently closed. Appellants were all members of the United Food and Commercial Workers Union, Local No. 880.
 
 
 3
 The Collective Bargaining Agreement at issue provided that any employee wishing to transfer to Dinner Bell could do so while retaining his or her seniority with Pick-N-Pay for ninety days after Dinner Bell opened. After ninety days, he or she would lose all seniority rights with Pick-N-Pay, but would be given credit at Dinner Bell for seniority accumulated at Pick-N-Pay, "provided that if there should subsequently be a reduction in force which would result in his layoff by the Company [Dinner Bell], he shall be entitled to restoration of his full seniority as of such date at Pick-N-Pay." Appellants signed a waiver in 1972 which stated "I HEREBY RELINQUISH MY RIGHT TO RETURN TO PICK-N-PAY." When Dinner Bell closed in 1985, appellants attempted to exercise their right to return to Pick-N-Pay. They were denied transfer on the basis of the waiver and as a result filed a grievance. An arbitration hearing was held on March 20, 1986. First National Supermarkets, Inc., which owned Dinner Bell Meats, was not joined as a party to the arbitration. The union was represented by Lawrence Oberdank. He discussed his arbitration strategy with the grievants before the hearing, participated in the hearing, and filed a post-arbitration brief. The arbitrator found that the grievants waived their right to return to Pick-N-Pay by signing the waiver.
 
 
 4
 Suit was then brought in federal court to vacate the arbitration award. Appellants claimed the union breached its duty of fair representation on several grounds, including the fact that First National was not joined as a party at arbitration. They sought reinstatement and damages against Dinner Bell Meats, and First National Supermarkets, Inc. (Pick-N-Pay Supermarkets Division). Appellants also sued the union and four union officials individually. The court granted appellees' motion for summary judgment on statute of limitations grounds, and denied appellants' motion for partial summary judgment. Appellants filed a motion for reconsideration based on an affidavit obtained after these proceedings from a Ward Boykin, stating that there were verbal assurances made to him when he signed the waiver that it would not impinge upon former Pick-N-Pay employees' rights to return to Pick-N-Pay with seniority earned at both Pick-N-Pay and Dinner Bell if there was a reduction in the work force at Dinner Bell. The affidavit also stated that the waiver was circulated with the approval of the union.
 
 
 5
 We affirm on the grounds that appellants' claims are barred by the statute of limitations.[1] Because appellants asserted both a breach of the collective bargaining agreement ("agreement") by Dinner Bell as well as a breach of the duty of fair representation by the union, the suit is subject to a six-month statute of limitations. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151 (1983). The limitations period begins running when the "claimant knows or should have known of the union's alleged breach of its duty of fair representation." Dowty v. Pioneer Rural Elec. Coop., Inc., 770 F.2d 52, 56 (6th Cir.), cert. denied, 474 U.S. 1021 (1985). Similarly, appellants' claim under 29 U.S.C. Secs. 411(A)(2) and 101(A)(2) of the Labor Management Reporting and Disclosure Act, arising based on their inability to attend the arbitration hearing, is controlled by a six-month statute of limitations. See Adkins v. International Union of Elec., Radio & Mach. Workers, 769 F.2d 330 (6th Cir.1985). The District Court found that appellants failed to assert their claims within six months of becoming aware of the union's breach. Appellants were aware of the alleged union misconduct in handling their grievance before September 11, 1986, which was the date six months prior to the filing of their lawsuit.[2] The only misconduct that was therefore not time-barred was the union's failure to appeal the arbitration award and the arbitrator's consideration of the 1972 waivers. However, appellants do not appeal the District Court's ruling with regard to those claims.
 
 
 6
 On appeal, appellants fail to directly contest the District Court's ruling that their claims are time-barred. They at most argue that the union acted in bad faith by failing to disclose that First National Supermarkets, Inc. would not be made a party to the arbitration. They claim they had no notice of this until the arbitration occurred, and that the statute of limitations should be subject to equitable tolling because this concealment constituted a continuing tort. However, it is uncontested that First National Supermarkets agreed to be bound by any arbitration award against Dinner Bell. Marc Bloch, counsel for both Dinner Bell and First National, agreed with the union prior to arbitration that First National would be so bound. See Union Motion, Affidavit of Oberdank at 13 (Joint App. at 580); Company Motion, Affidavits of Block at 2 (Joint App. at 161); and Pollack at 2-3 (Joint App. at 158-59). Moreover, appellants never objected to the fact that First National was not a party to the arbitration. Affidavit of Oberdank at 13-14 (Joint App. at 580-81). On appeal, appellants fail to show that it was necessary to join First National as a party to the arbitration, especially when it is uncontested that they would honor any award against Dinner Bell. Although appellants urge that we apply the doctrine of equitable tolling, appellants cannot predicate equitable tolling upon the failure to join an unnecessary party to the arbitration. We therefore affirm the District Court's judgment that the claims were barred by the statute of limitations.
 
 
 7
 Appellants lastly claim that they are entitled to severance pay if the District Court judgment is affirmed. We disagree. First, appellants' complaint made no mention of such relief. It is raised for the first time on appeal. Second, appellants have failed to exhaust their contractual remedies with regard to that issue. See Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965); Anderson v. Ideal Basic Indus., 804 F.2d 950 (6th Cir.1986). Appellants' attempt to claim entitlement to severance pay is untimely.
 
 
 8
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 [1]
 The District Court also noted that appellants failed to object to any of the union conduct which they now claim is a violation of the union's duty of fair representation. It is "well settled that defects in proceedings prior to or during arbitration may be waived by a party's acquiescence in the arbitration with knowledge of the defect." Order of Ry. Conductors and Brakemen v. Clinchfield R.R. Co., 407 F.2d 985, 988 (6th Cir.), cert. denied, 396 U.S. 841 (1969)
 
 
 [2]
 Appellants asserted the union breached its duty in the following ways: (1) by not timely processing the grievance to arbitration; (2) by agreeing to proceed with one arbitrator; (3) by agreeing to use an arbitrator who was a professor at a law school whose dean is the brother of a chief operating officer at Pick-N-Pay, making the arbitrator biased; (4) by not disclosing their stock position in the corporate defendants prior to arbitration; (5) by failing to name First National as a party to arbitration; (6) by allowing the union attorney to prevent appellants from sitting at the table during arbitration and for not calling all of them as witnesses; (7) by allowing the arbitrator to consider waivers signed in 1972; (8) by not appealing the arbitrator's decision to federal court; and (9) by denying them their statutory right to assemble in the arbitration room at the time of the hearing. The District Court found, and we agree, that in addition to being barred by the statute of limitations, none of these claims presented a genuine issue of material fact and appellees were thus entitled to judgment as a matter of law